UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-22639-CIV-ALTONAGA/Reid

**RONAN DOYLE**,

    Plaintiff,

v.

**BREW'N'MOTION, LLC**,

    Defendant.

_____/

## **ORDER**

**THIS CAUSE** came before the Court on Defendant, Brew'N'Motion, LLC's Motion to Dismiss Plaintiff's Amended Complaint [ECF No. 26], filed on October 9, 2024. Plaintiff, Ronan Doyle filed a Response [ECF No. 36], to which Defendant filed a Reply [ECF No. 37].[1]

## **I. BACKGROUND**

Plaintiff is a forty-two-year-old white male, born in Ireland, who was employed by Defendant as a "Team Leader" from November 1, 2021 to January 17, 2022. (Am. Compl. [ECF No. 23] ¶ 16; *see also id.* ¶¶ 8, 10).[2] During his brief employment, Plaintiff reported directly to his supervisor, Jorge Blanco. (*See id.* ¶ 16). Plaintiff alleges his coworkers "singled him out and treated him with hostility due to his race (white)." (*Id.* ¶ 17).

Plaintiff states that his coworkers, including one named Alexis, would repeatedly refer to him as "gringo" (*id.* ¶ 18) and "snatch tools from [his] hands and laugh about it with the rest of the

---

[1] The Court initially granted Defendant's Motion by default after Plaintiff failed to respond. (*See* Oct. 24, 2024 Order [ECF No. 27]). After Plaintiff's counsel demonstrated good cause and/or excusable neglect for his failure to respond, the Court set aside the October 24, 2024 Order and directed Plaintiff to respond to the Motion. (*See* Nov. 6, 2024 Order [ECF No. 35]).

[2] The Court previously dismissed Plaintiff's single-count Complaint [ECF No. 1] as an impermissible shotgun pleading. (*See generally* Sept. 6, 2024 Order [ECF No. 22]).

staff" (*id.* ¶ 19 (alteration added)).  Plaintiff reported these incidents to Blanco, who took no action. (*See id.* ¶ 20).  When Alexis found out Plaintiff reported him, Alexis "shoved [Plaintiff] into the bathroom, threw a soap dish with soap and a ragged shirt at [Plaintiff], told [Plaintiff] 'Gringo no bueno,' and asked [Plaintiff] to wash himself because he 'smelled.'" (*Id.* ¶ 22 (alterations added)). Another coworker, Martin, video-called his significant other in a company truck and waved the phone in front of Plaintiff while saying "hello, gringo[.]" (*Id.* ¶ 24 (alteration added)).  Plaintiff contends "Alexis encouraged his peers to imitate his behavior and be hostile toward" Plaintiff.  (*Id.* ¶ 23).

Events like these caused Plaintiff anxiety, interfered with his job, and ultimately led to his resignation in January 2022.  (*See id.* ¶ 25).  Plaintiff now brings three claims against Defendant, each a violation of 42 U.S.C. section 1981: a claim of disparate treatment (*see id.* ¶¶ 26–37); a claim of a hostile work environment (*see id.* ¶¶ 38–43); and a retaliation claim (*see id.* ¶¶ 44–48). Defendant moves to dismiss the Amended Complaint under Federal Rule of Civil Procedure 12(b)(6), arguing "Plaintiff fails to state any claims upon which relief may be granted."  (Mot. 1).[3]

## II.  LEGAL STANDARD

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (alteration added; quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Although this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. (alteration added; quoting *Twombly*, 550 U.S. at 555).  Pleadings must contain "more than labels

---

[3] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Twombly*, 550 U.S. at 555 (alteration added; citation omitted). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (alteration added; citing *Twombly*, 550 U.S. at 556).

To meet this "plausibility standard," a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678 (alteration added; citing *Twombly*, 550 U.S. at 556). "The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009) (citation omitted), *abrogated on other grounds by Mohamad v. Palestinian Auth.*, 566 U.S. 449 (2012). When considering a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take its factual allegations as true. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (citing *SEC v. ESM Grp., Inc.*, 835 F.2d 270, 272 (11th Cir. 1988)).

### III. DISCUSSION

Defendant seeks dismissal of Plaintiff's three claims. (*See generally* Mot.). First, Defendant argues all of Plaintiff's claims must fail because use of the word "gringo" is not actionable. (*See id.* 4–6). Defendant then contends Plaintiff's disparate treatment claim must be dismissed, arguing Plaintiff does not show intentional race discrimination. (*See id.* 6–11). Next, Defendant posits Plaintiff's hostile work environment claim is deficient because the alleged harassment was not based on race, was not severe or pervasive, and Plaintiff fails to show Defendant created the hostile work environment. (*See id.* 12–15). Finally, Defendant argues Plaintiff does not state a retaliation claim because he fails to state a single required element of the

3

claim. (*See id.* 15–20). Plaintiff summarily responds that he has alleged sufficient facts to support his claims. (*See, e.g.*, Resp. 3).

First, a threshold matter. Defendant argues Plaintiff cannot show any claim of race discrimination for two reasons: one, the use of the term gringo means his allegations are properly understood as discrimination on the basis of national origin, not race; and two, gringo is not a harassing term. (*See* Mot. 4–6). The Court is not so persuaded.

True, the word gringo is certainly tied to national origin, but it can also be understood as referring to race. Gringo is a term meaning "a foreigner in Spain or Latin America especially when of English or American origin" that "broadly" means "a non-Hispanic person[.]" *Gringo*, Merriam-Webster.com, https://www.merriam-webster.com/dictionary/gringo (last visited Nov. 20, 2024) (alteration added). Further, the word is understood as "often disparaging" *id.*, "usually derogatory" and "offensive[,]" *Gringo*, CollinsDictionary.com, https://www.collinsdictionary.com/us/dictionary/english/gringo (last visited Nov. 20, 2024) (alteration added). Nor is use of the term gringo all Plaintiff alleges. (*See, e.g.*, Am. Compl. ¶ 21 (alleging "physical violence")).

Given this, the Court declines to adopt Defendant's categorical view of the term in considering the sufficiency of the pleading, when it must draw inferences in Plaintiff's favor.[4]

---

[4] Further, the cases Defendant cites for its proposition that use of the word gringo does not support a race discrimination claim, or is not harassing, did not concern motions to dismiss. (*See, e.g.*, Mot. 4–5 (citing *Hood v. Nat'l R.R. Passenger Corp.*, 72 F. Supp. 3d 888, 890, 893–95 (N.D. Ill. 2014) (summary judgment); *Brauchitsch-Monedero v. Puerto Rico Elec. Power Auth.*, No. 08-cv-1336, 2011 WL 1097760, at *1, 14 (D.P.R. Jan. 21, 2011) (summary judgment), *report and recommendation adopted*, 786 F. Supp. 2d 470 (D.P.R. 2011); *Earnhardt v. Com. of Puerto Rico*, 582 F. Supp. 25, 26 (D.P.R. 1983) (judgment)); *see also* Mot. 5 (citing *Orr v. Mukasey*, 631 F. Supp. 2d 138, 142, 152 (D.P.R. 2009) (post-judgment); *Sanchez v. Univ. of Conn. Health Care*, 292 F. Supp. 2d 385, 389, 395–96 (D. Conn. 2003) (summary judgment); *Gits Mfg. Co. v. Loc. 281 Int'l Union*, 261 F. Supp. 2d 1089, 1091, 1097 (S.D. Iowa 2003) (summary judgment)). Again, and in contrast to the procedural posture of those cases, the Court must construe Plaintiff's Amended Complaint in the light most favorable to Plaintiff and take its factual allegations as true. *See Brooks*, 116 F.3d at 1369.

Finding uniform dismissal of all counts inappropriate, the Court turns to Defendant's count-specific arguments, addressing each in turn.

***Disparate Treatment.*** In Count I, Plaintiff alleges Defendant violated 42 U.S.C. section 1981 by racially discriminating against him when it treated him differently than his non-white coworkers. (*See* Am. Compl. ¶¶ 26–37). Defendant argues that to state a disparate treatment claim, "Plaintiff must allege facts suggesting intentional discrimination with direct evidence or with circumstantial evidence by using the burden shifting framework *in McDonnell Douglas Corporation v. Green*," 411 U.S. 792 (1973). (Mot. 6). True, "[w]hen proceeding under *McDonnell Douglas*, the plaintiff bears the initial burden of establishing a *prima facie* case of discrimination" which he can do "by showing (1) that [he] belongs to a protected class, (2) that [he] was subjected to an adverse employment action, (3) that [he] was qualified to perform the job in question, and (4) that [his] employer treated 'similarly situated' employees outside [his] class more favorably." *Lewis v. City of Union City*, 918 F.3d 1213, 1220–21 (11th Cir. 2019) (alterations added; citations omitted); *see also id.* at 1220 (noting these requirements must be met "[i]n order to survive summary judgment" (alteration added)).

Defendant is not requesting summary judgment, but rather, dismissal of a pleading for the failure to state a plausible claim for relief. "Defendant has confused *McDonnell Douglas*'s evidentiary requirements (which apply on a motion for summary judgment) with Rule 12(b)(6)'s requirements for a motion to dismiss." *Gregori v. Hometown Foods USA, LLC*, No. 23-cv-23356, 2024 WL 474374, at *5 (S.D. Fla. Feb. 7, 2024). Defendant asks too much; and its arguments, relying on an evidentiary standard, are misplaced. Again, all Plaintiff must do at this stage is plausibly "suggest intentional race discrimination." *Surtain*, 789 F.3d at 1246 (citation and quotation marks omitted); *see also Iqbal*, 556 U.S. at 678.

5

"To *state* a race-discrimination claim . . . a complaint need only provide enough factual matter (taken as true) to suggest intentional race discrimination." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015) (alteration and emphasis added; citation and quotation marks omitted); *see also Davis v. Miami-Dade Cnty.*, No. 23-12480, 2024 WL 4051215, at *3 (11th Cir. Sept. 5, 2024) (strictly requiring a plaintiff to assert all four elements of a *McDonnell-Douglas prima facie* case is "the wrong legal standard to apply at the pleading stage" (citation and quotation marks omitted)). As Plaintiff's claim is brought under section 1981, however, he must "must initially plead and ultimately prove that, but for race, [he] would not have suffered the loss of a legally protected right." *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 589 U.S. 327, 341 (2020).

Defendant argues that Plaintiff fails to allege he was qualified for the position; there was no actionable adverse employment action; Plaintiff fails to include comparators in the Amended Complaint; and, finally, Plaintiff cannot establish discrimination occurred but for his race. (*See* Mot. 8–11). Even analyzing each element of the *prima facie* test *that Plaintiff does not yet have to prove*, Plaintiff has pled sufficient facts to state a disparate treatment claim. True, Plaintiff provides scant details as to his qualifications, or any required qualifications, for his position as "a Team Leader" with Defendant. (Am. Compl. ¶ 16; *see generally id.*). Still, it is not clear whether Plaintiff's qualifications are at issue. *See Crapp v. City of Miami Beach*, 242 F.3d 1017, 1020 (11th Cir. 2001) (noting that "in termination cases," as opposed to cases involving hiring or promotion decisions, "the question of whether the plaintiff was qualified to do the job is not often at issue"). Given Plaintiff was hired for the job and his allegations do not relate to his actual job performance, the Court will infer, for now, that Plaintiff was qualified for his position.

Defendant next argues Plaintiff cannot, and does not, allege an adverse employment action. (*See* Mot. 8–10). According to Plaintiff, he alleges "Defendant created a hostile work environment which led to his constructive termination."[5] (Resp. 3 (citations omitted)). Plaintiff has minimally alleged enough to infer he was forced to resign and thus alleges an adverse employment action — or at least close enough to it to support an inference of racial discrimination. *See Baker v. Kelly Smith, LLC*, 977 F. Supp. 2d 1231, 1234 (M.D. Fla. 2013) (The "[p]laintiff's complaint allege[d] that she was forced to resign. Accepting the complaint allegations as true, [the p]laintiff sufficiently allege[d] an adverse employment action[.]" (alterations added)).

Further, Defendant argues Plaintiff's claim fails because Plaintiff provides no comparators. (*See* Mot. 10–11). But he does include, slight though it may be, an allegation that he was treated differently than other, non-white employees.[6] (*See* Am. Compl. ¶ 32). In any event, "an inability to plead a comparator doesn't necessitate dismissal as Defendant[] would have it here." *Gregori*, 2024 WL 474374 at *4 (quotation marks and citation omitted; alteration added); *see also Gordon v. Luxe by Tonya Jones, LLC*, 2021 WL 4197593, at *2 (N.D. Ala. Sept. 15, 2021) ("A race discrimination claim is not due to be dismissed just because the plaintiff fails to identify a comparator." (citation omitted)). To be sure, Plaintiff would do well to consider how he will prove his claim moving forward, but he has pled the bare minimum for now "to suggest intentional race discrimination." *Surtain*, 789 F.3d at 1246 (citations and quotation marks omitted).

---

[5] Remarkably, Plaintiff fails to cite a single case in support of his argument. Plaintiff plays a dangerous game with his sparse pleadings and lackadaisical Response. Still, he at least *attempts* to respond to Defendant's arguments on this point. (*See* Resp. 3–4).

[6] Again, Defendant urges the Court to evaluate the merits of Plaintiff's claim, which the Court will not do at the motion-to-dismiss stage. (*See, e.g.*, Mot. 8–10 (citing *Bryant v. Jones*, 575 F.3d 1281, 1288, 1298 (11th Cir. 2009) (summary judgment); *Wallace v. DM Customs, Inc.*, No. 05-cv-115, 2006 WL 2882715, at *1, 9 (M.D. Fla. Oct. 6, 2006) (summary judgment)).

Finally, Defendant argues Plaintiff cannot show that race was the but-for cause of the alleged harassment or adverse action. (*See* Mot. 11). Plaintiff cites *Bostock v. Clayton County*, 590 U.S. 644 (2020), to argue the but-for standard means all he must show is that race was at least one of the factors in his harassment or constructive discharge. (*See* Resp. 6). This proposition, however, is squarely foreclosed by the Supreme Court's holding in *Comcast Corporation*. *See Comcast Corp.*, 589 U.S. at 333, 341.[7]

Plaintiff must plead that "but for race, [he] would not have suffered the loss of a legally protected right"; his complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face under the but-for causation standard." *Id.* at 341 (alteration added; citation and quotation marks omitted). "Under this standard, a plaintiff must demonstrate that, but for the defendant's unlawful conduct, [his] alleged injury would not have occurred." *Id.* at 331 (alteration added). Taking Plaintiff's allegations as true, he was harassed "due to his race (white)."[8] (Am. Compl. ¶ 17). He supports this allegation by stating he was "singled . . . out and treated . . . with hostility"; laughed at; mocked; and told to wash himself, all because of his race. (*Id.* (alterations added); *see also id.* ¶¶ 17–24). These are sufficient facts to state a disparate treatment claim under section 1981.

---

[7] While "disparate treatment claims under Title VII have essentially identical elements and proof as claims brought under section 1981 . . . [t]he two statutes provide distinct *remedies* aimed at the same end — [eradicating] racial discrimination in employment." *Robinson v. Caulkins Indiantown Citrus Co.*, 685 F. Supp. 233, 235 (S.D. Fla. 1988) (alteration added; emphasis in original). *Bostock* is a Title VII case, *see* 590 U.S. at 649, while *Comcast Corporation* involves section 1981 claims, *see* 589 U.S. at 329. Thus, *Comcast Corporation* is the applicable case to determine the proper standard to review Plaintiff's section 1981 claims.

[8] Having already rejected Defendant's proposition that Plaintiff claims national origin discrimination, the Court similarly rejects Defendant's argument that "[b]ecause the Complaint claims national origin discrimination and race discrimination, Plaintiff can never prove that race was the 'but-for' cause of his alleged harassment or resignation." (Mot. 11 (alteration added; emphasis omitted)).

***Hostile Work Environment.*** Plaintiff further alleges he was subject to a hostile work environment; that is, the harassment he suffered "was sufficiently severe and pervasive to alter the conditions of Plaintiff's employment and create an abusive working environment." (Am. Compl. ¶ 40). To state a hostile work environment claim, Plaintiff must allege:

> (1) he belongs to a protected group; (2) he was subjected to unwelcome harassment; (3) the harassment was based on his membership in the protected group; (4) it was severe or pervasive enough to alter the terms and conditions of employment and create a hostile or abusive working environment; and (5) the employer is responsible for that environment under a theory of either vicarious or direct liability.

*Edwards v. Prime, Inc.*, 602 F.3d 1276, 1300 (11th Cir. 2010) (citation omitted).

Defendant argues Plaintiff does not meet the third, fourth, or fifth elements. (*See* Mot. 12). Remarkably, Plaintiff makes no effort to address this argument in his Response. (*See generally* Resp.). "When a party fails to respond to an argument or address a claim in a responsive brief, such argument or claim can be deemed abandoned." *GolTV, Inc. v. Fox Sports Latin Am. Ltd.*, 277 F. Supp. 3d 1301, 1311 n.7 (S.D. Fla. 2017) (citations omitted). As a result, the Motion is due to be granted as to the hostile work environment claim in Count II.

***Retaliation.*** Finally, Plaintiff alleges he was subject to retaliation because he told his supervisor about the harassment and Defendant failed to address his complaints. (*See* Am. Compl. ¶ 46). To establish a *prima facie* case of retaliation under section 1981, Plaintiff "must show that (1) he engaged in statutorily protected activity; (2) he suffered a materially adverse action; and (3) the materially adverse action was caused by his engaging in protected activity." *Locascio v. BBDO Atlanta, Inc.*, 56 F. Supp. 3d 1356, 1363 (N.D. Ga. 2014) (collecting cases). A complaint "need not allege facts specific to make out a *prima facie* case, just enough factual matter to suggest retaliation." *Id.* (citations and quotation marks omitted).

Defendant argues Plaintiff fails to meet a single factor. (*See* Mot. 15–20). Again, remarkably, Plaintiff fails to respond to Defendant's arguments — even after having been given the opportunity to do so after the Motion to Dismiss was first granted by default. (*See generally* Resp.). The Motion is thus due to be granted as to Plaintiff's retaliation claim in Count III. *See GolTV, Inc.*, 277 F. Supp. 3d at 1311 n.7.

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED AND ADJUDGED** that Defendant, Brew'N'Motion, LLC's Motion to Dismiss Plaintiff's Amended Complaint **[ECF No. 26]** is **GRANTED** in part.

**DONE AND ORDERED** in Miami, Florida, this 21st day of November, 2024.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:   counsel of record